UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT E. CLARK,
   Petitioner,

               No. 1:09-cv-797

-v-

               HONORABLE PAUL L. MALONEY

MARY BERGHUIS,
   Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the court on a report and recommendation (Dkt. No. 5) issued by the magistrate judge. Petitioner Clark, a state prisoner, filed a petition for writ of habeas corpus. Pursuant to Rule 4 of the Rules Governing 28 U.S.C. § 2254 cases, the magistrate judge performed a preliminary review of the petition. The magistrate judge concluded the petition is barred by the one-year statute of limitations. Petitioner timely filed objections. (Dkt. No. 6.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure

to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

The magistrate judge outlined Petitioner's procedural history. Petitioner does not object to the magistrate judge's description of Petitioner's history. Of note, Petitioner was convicted by a jury and sentenced on February 7, 1986. Petitioner appealed his convictions and the Michigan Court of Appeals denied his leave to appeal on November 2, 1987. The Michigan Supreme Court denied Petitioner leave to appeal on May 31, 1988. Twenty years later, in 2008, Petitioner filed a state-court petition for habeas corpus (6.500 motion) in the Circuit Court of Muskegon County. The petition was denied on May 1, 2008. On June 3, 2008, Petitioner filed a motion for relief from judgment in the Circuit Court of Kent County. The motion was denied on July 9, 2008. Petitioner appealed and the Michigan Supreme Court ultimately denied leave to appeal on August 6, 2009.

Petitioner's request for habeas relief, filed August 28, 2009, is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). As explained in the R&R, Petitioner's time to file his federal habeas claim expired on April 24, 1997. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002) ("[t]he AEDPA amended 28 U.S.C. § 2244 to include a new one-year statute of limitations for habeas petitions brought by prisoners challenging state court judgment."). Petitioner argues the one-year statute of limitations did not begin to run until the Michigan Supreme Court denied leave to appeal his 6.500 motion. The magistrate judge addressed this concern in the R&R; Petitioner's conviction became final on May 31, 1988. *See* 28 U.S.C. § 2244(d). *See also Jurado*

*v. Burt*, 337 F.3d 638, 641-642 (6th Cir. 2003) (involving a prisoner whose conviction became final in March 1996, where his 6.500 motion was filed in November 1997, and agreeing the time to file his federal habeas petition expired one year after the enactment of the ADEPA and not one year after the Michigan Supreme Court denied leave to appeal the denial of his 6.500 motion in February 2000.).

Petitioner also asserts his actual innocence as a means of avoiding the one-year statute of limitations on his federal habeas petition. The Sixth Circuit Court of Appeals has described the evidence a prisoner must put forth in order to establish an actual innocence defense and toll the statute of limitations. *Souter v. Jones*, 395 F.3d 577, 589-590 (6th Cir. 2005) ("such a claim required petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."). Here, Petitioner concedes the alleged evidence of his actual innocence, the rape kit slides presented at trial, were destroyed by the State years ago. Accordingly, Petitioner cannot meet the evidentiary threshold for his claim of actual innocence.

For these reasons, the R&R (Dkt. No. 5) is **ADOPTED** as the court's opinion **OVER OBJECTIONS.** The petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE.** Having again reviewed the arguments advanced, a certificate of appealability is **DENIED. THIS ACTION IS TERMINATED. IT IS SO ORDERED.**

Date: October 20, 2009                        /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              Chief United States District Judge